UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 22-546 JGB (SPx) | Date | February 15, 2023 |
|---|---|---|---|
| Title | *Toinesha L. Swim v. IC Systems, Inc.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Bobby C. Walker's Motion to Withdraw as Counsel for Plaintiff (Dkt. No. 30); and (2) VACATING the February 27, 2023 Hearing (IN CHAMBERS)

Before the Court is a motion to withdraw as counsel filed by Bobby C. Walker ("Walker"), counsel for Plaintiff Toinesha L. Swim ("Swim" or "Plaintiff"). ("Motion," Dkt. No. 30.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court **GRANTS** the Motion and **VACATES** the February 27, 2023 hearing.

## I.   BACKGROUND

On March 30, 2022, Plaintiff filed a complaint against defendant I.C. System, Inc. ("Defendant"). ("Complaint," Dkt. No. 1). The Complaint alleges four causes of action: (1) violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692; (2) violation of the California Consumer Credit Reporting Agencies Act under Cal. Civ. Code § 1785.25; (3) violation of the Rosenthal Fair Debt Collection Practices Act under Cal. Civ. Code. § 1788; and (4) unjust enrichment. (See Complaint.)

On May 23, 2022, Defendant filed an answer. ("Answer," Dkt. No. 9.) On August 31, 2022, Plaintiff filed a notice of settlement. ("NOS," Dkt. No. 22.) On September 7, 2022, the Court ordered that by October 31, 2022, the parties should file either (1) a proper stipulation and order for dismissal or judgment or (2) a motion to reopen if settlement has not been consummated. (Dkt. No. 23.) On November 3, 2022, the Court granted Plaintiff's request for

an extension of time file dismissal documents.  (Dkt. No. 25.)  On December 1, 2022, the Court granted Plaintiff's second request for an extension of time to file dismissal documents.  (Dkt. No. 27.)  On January 11, 2023, the Court granted Plaintiff's third request for an extension of time to file dismissal documents.  (Dkt. No. 29.)

On January 25, 2023, Mr. Walker filed the Motion and attached his declaration.  (See Mot.; "Walker Declaration," Dkt. No. 30-1.)  Defendant has not filed an opposition.  On January 31, 2023, the Court granted Plaintiff's fourth request for an extension of time to file dismissal documents.  (Dkt. No. 32.)

## II.  LEGAL STANDARD

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court."  L.R. 83-2.3.2.  The motion for leave to withdraw "must be supported by good cause."  Id.  The motion may only be made upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action."  Id.

District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances.  See Thompson v. Special Enforcement, Inc., No. 07-1666, 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008).  Absent undue prejudice to the client's interests or to the proceedings in the case, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."  Id. at *2.  In ruling on a motion to withdraw as counsel, courts generally consider:  "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  Tu Thien The, Inc. v. Tu Thien Telecom, Inc., 2014 WL 12580249 at *5 (C.D. Cal. July 11, 2014).

## III.  DISCUSSION

**A.  Written Notice of Intent to Withdraw (Local Rule 83-2.3.2)**

Local Rule 83-2.3.2 of this Court requires counsel to provide written notice of their intent to withdraw—reasonably in advance of filing the motion to withdraw—to the client and to all other parties who have appeared in the action.  See L.R. 83-2.3.2.  In his declaration, Mr. Walker asserts that on December 29, 2022, Defendant's counsel was notified that Mr. Walker intended to withdraw as counsel.  (Walker Decl. ¶ 12.)  On January 23, 2023, Defendant's counsel informed Mr. Walker that they took no position on Mr. Walker's proposed motion to withdraw.  (Id. ¶ 15.)  Although, Mr. Walker did not state that he gave written notice to Defendant's counsel, given that Mr. Walker submitted a declaration stating that he provided notice, the Court finds this sufficient to show that he complied with L.R. 83-2.3.2.  As to his client, Mr. Walker declares that on January 3, 2023, his office mailed and emailed Plaintiff a letter indicating that he will be withdrawing from her case by January 17, 2023, if their office did not hear back from her.  (Id. ¶ 13.)  Accordingly, the Court finds that Mr. Walker has complied with L.R. 83-2.3.2.

### B. Good Cause to Withdraw

Mr. Walker seeks to withdraw because he has been unable to reach Plaintiff. (Mot. at 2.) Despite Mr. Walker's multiple attempts to contact Plaintiff, he has not been able to communicate with her and thus states that Plaintiff's conduct has rendered it unreasonably difficult for Mr. Walker to carry out his representation efficiently and comply with the Court's deadlines. (Id. at 4.) The Court finds that Mr. Walker has established good cause to withdraw.

#### 1. Grounds for Withdrawal

First, Mr. Walker asserts a valid reason for withdrawal. California Rules of Professional Conduct 1.16 permits an attorney to withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Pro. Conduct 1.16(b)(4). Here, Mr. Walker explains, in sum, that: (1) on August 31, 2022, Plaintiff and Defendant reached a settlement and filed a notice of settlement with the Court; (2) Mr. Walker made several attempts to reach Plaintiff by phone, email, and text messages to have her sign the final settlement agreement, but Plaintiff did not respond; (3) on December 29, 2022, Mr. Walker informed Defendant's counsel that he has been unable to reach Plaintiff; (4) on January 3, 2023, Mr. Walker mailed and emailed Plaintiff a letter to inform her that if he did not hear back from her by January 17, 2023, his office would be forced to withdraw from the matter; and (5) Plaintiff continues to be unresponsive. (Mot. at 2-3.) The Court finds that Plaintiff has made it unreasonably difficult for Mr. Walker to carry out his representation given that Plaintiff has stopped communicating with him. See Frazier v. Am. Credit Resol., Inc., 2019 WL 3554505, at *2 (N.D. Cal. Aug. 5, 2019) (finding good cause to withdraw where client stopped communicating with its counsel on any matters regarding the case).

#### 2. Prejudice to Defendant

Second, Mr. Walker's withdrawal will not result in undue prejudice to Defendant. Mr. Walker has provided continuous updates regarding the status of the case and provided sufficient notice of its intent to withdraw to Defendant. (Walker Decl. ¶¶ 12, 15.) There are no pending motions aside from this one and the Court recently granted the Plaintiff's request to extend the deadline to file dismissal documents until April 3, 2023. (See Dkt. No. 32.) And Defendant does not take a position on the Motion. (Walker Decl. ¶ 15.) Under these circumstances, the Court finds that Defendant will not suffer prejudice if Plaintiff seeks to obtain new counsel or proceed without counsel.

#### 3. Harm to the Administration of Justice and Delay to Resolution of the Case

Finally, while Mr. Walker's withdrawal may harm the administration of justice and delay the resolution of the case given that he is familiar with the case and the parties have already agreed to settle, the Court finds that this factor is not dispositive. To minimize harm and delay, the Court orders that Plaintiff inform the Court by March 10, 2023, whether she has retained new

counsel or whether she will appear pro se. Failure to comply with that deadline will result in the Court dismissing the case for lack of prosecution.

Accordingly, because good cause exists for Mr. Walker's withdrawal, the Court **GRANTS** the Motion.

### IV.  CONCLUSION

For the reasons above, the Court **GRANTS** the Motion. The Court **ORDERS** the following:

1. Bobby C. Walker is **RELIEVED** as counsel of record for Plaintiff Toinesha L. Swim.

2. Mr. Walker shall immediately mail and email a copy of this order to Plaintiff's last known addresses. Mr. Walker shall file a proof of service and/or a declaration to confirm the same no later than **Friday, March 3, 2023**.

3. Plaintiff is advised that she will have to appear pro se or retain new counsel. Plaintiff shall inform the Court by **Friday, March 10**, whether she has retained new counsel or whether she will appear pro se. Failure to comply with this deadline will result in the Court dismissing this case for lack of prosecution or abandonment. See Fed. R. Civ. P. 41(b).

4. The February 27, 2023 hearing is **VACATED**.

**IT IS SO ORDERED.**